Bernard F. EDWARDS, Jr., Appellant,

v.

Vincent C. SCHOEMEHL, Jr., City
of St. Louis, Respondents.

No. 60322.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 24, 1992.

Bernard F. Edwards, Jr., pro se.

James J. Wilson, Julian L. Bush, St. Louis, for respondents.

CRIST, Judge.

Summary judgment in favor of Respondents. Affirmed.

Appellant (Judge) was dismissed as a municipal judge of the City of St. Louis for his demeanor in court and for his conduct regarding parking tickets he had incurred. Judge questions only the procedure followed in his dismissal and not the merits thereof. He claims he was entitled to a plenary pretermination hearing with the right to confront and cross-examine witnesses. This, he did not get, but he got enough.

Judge was notified of the charges against him and two times given an opportunity to respond and present evidence to another municipal judge. Judge demanded a full hearing. On June 19, 1987, Mayor Schoemehl notified Judge he was dismissed since the Mayor found the charges to be true and the Judge refused to partake of the offered pretermination hearing.

More than three years later, Judge filed this suit alleging he was not afforded due process because Missouri did not provide a procedure for post-termination hearing. But not so. Judge was accorded due process because § 536.150, RSMo 1986, provides for full post-termination judicial review. *Edwards v. Schoemehl*, 765 S.W.2d 607, 609 n. 3 (Mo.banc 1989); and *Belton v. Board of Police Commissioners of Kansas City*, 708 S.W.2d 131, 138 n. 5 (Mo.banc 1986). Further, the limited pretermination hearing offered to Judge was sufficient in that when post-termination hearings are available, the pretermination hearing need not be elaborate. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 545[7], 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985); *Edwards* 765 S.W.2d at 609[3].

Judge then asserts the Mayor illegally delegated his executive function of removal of a municipal judge for cause by assigning to another municipal judge the function of conducting an informal hearing.

The Mayor is not obliged to preside in person over *Loudermill* hearings and may make use of assistants in carrying out the duties of office. *Edwards* at 610. Mayor did not delegate the function of removal; Mayor himself dismissed Judge. Point denied.

Finally, Judge proffers the City Charter requires a plenary pretermination hearing. This point was never pled and appears for the first time in Judge's "Amended Motion to Set Aside or Motion for New Trial." The City Charter does not so require. Article VII, § 1 of the City Charter, which gives Mayor authority to remove non-elected officers, says nothing about such hearings. Additionally, the cases Judge relies on were all decided prior to the enactment of § 536.150, RSMo 1986, and are therefore distinguishable.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.